Judson v. Schlee.

## L. B. Judson  v. Alfred M. Schlee.

### Gen. No. 4,474.

1. CONTINUANCE—*when denial of motion for, is not improper.* It is not improper to deny an application for a continuance where the opposing party admits that the absent witness would swear as set forth in the affidavit therefor, where there is no showing that the personal attendance of such witness is essential to the due trial of the cause and

it appears that there was no reasonable probability that such personal attendance could be procured if the continuance were granted.

Action of assumpsit. Appeal from the Circuit Court of Kendall County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed April 25, 1905.

A. C. LITTLE, for appellant.

SEARS & SMITH and JOHN FITZGERALD, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an action of assumpsit to recover money alleged to have been paid by appellee to appellant without any valuable consideration.

Appellee recovered a judgment for $1,000, from which this appeal is prosecuted. A man by the name of Gibson, claiming to be the owner of patents for a shoe scraper and cleaner, a wrench and a coupler, came to Aurora where appellant, Judson, was practicing law.

Gibson and appellant became acquainted, or rather renewed a previous acquaintance. Within a short time, an unsigned advertisement appeared in one of the city papers for a business partner; appellee answered the advertisement, and his letter came into the hands of Judson. A meeting was arranged between appellant and appellee. After impressing appellee with the great selling qualities of the patents held by Gibson, appellant went with appellee to Gibson's hotel to see him and the patents.

It is the claim of appellee that Gibson and Judson had entered into some sort of conspiracy to induce him to put his money into these patents. Appellant pretended to be buying certain territory of Gibson and wanted appellee as his partner. Appellant said he had been advised by his physician to quit his practice and go on the road, and that he wanted an honest man to take charge of the office and attend to shipping the patented articles which he would sell; he wanted a partner and appellee, an entire stranger, filled the description of what appellant would like in a confidential man to have sole charge of the management of

Judson v. Schlee.

the very large business then under contemplation.    Appellee was a farmer, with very limited experience in business affairs.    The parties went to Chicago and rented a room.

An advertisement was put in one of the Chicago papers, and answers from numerous persons, apparently willing to pay fabulous prices for territory to sell the " shoe scraper and cleaner," the " wrench " and the " coupler," began to come to the parties.    Gibson and appellant answered these letters in person.    Appellee never saw any of the anxious investors, but heard much of them through his newly made friend, Judson.    In one instance a letter, purporting to come from a Mrs. Green, was answered by appellant; she wanted eight counties, and appellant brought back a contract purporting to have been signed by Mrs. Green agreeing to pay $3,500 for eight counties.    She had the money, and the only thing to do was to make her a deed to the counties, but unfortunately, it was said, a part of these counties which Mrs. Green was so eager to secure had been sold by Gibson to another party; they must be bought back in order to enable the parties to consummate the deal with the so-called Mrs. Green.    In the meantime, a partnership had been arranged by which appellant and appellee were to become each one-third owners of all the territory of the United States, and the Green sale was only a beginning of the great things to follow.

In order to buy in the two or three counties which appellant says had been sold to a man whose name was either Johnson, Stephenson or Jones, he had forgotten which, required a little money, and appellee put up $500 which was paid to appellant, and appellant pretends to have gone out in search of Johnson, Stephenson or Jones, to buy in the missing counties.    In the meantime, Mrs. Green's appreciation of the great value of the patents seems to have grown on her, and she now wanted other territory for $9,500. Some pretended differences coming up between Gibson and Judson, Judson makes a pretense of selling out all his interest in the whole business for $1,500 and readily accepts the unsecured note of Gibson for the amount, and prepares

to return to Aurora and resume the arduous duties of his profession, which a solicitude for his failing health had induced him to abandon less than a week before. Before taking his departure, he advised appellee to sell out if he could, and appellee fell into the trap thus cunningly set for him by appellant, and accepted the worthless note of Gibson for $1,950 for $1,725 actual cash he had parted with to Gibson and appellant during the few days he had been under their influence. Of the money paid out, $1,000 of it went into the hands of appellant, while $725 seems to have been paid to Gibson; hence the verdict of $1,000 against appellant.

From a careful consideration of the evidence, we are constrained to believe that there was a combination entered into between appellant and Gibson for the purpose of defrauding appellee out of his money. This being true, we cannot agree with appellant in his contention that the verdict is contrary to the law and the evidence.

Before the trial was entered upon, appellant made a motion for a continuance on account of the absence of Gibson, whose testimony he desired. The court held the affidavit sufficient, and thereupon appellee admitted the affidavit, and the court required appellant to go to trial. Appellant contends that the admission of the affidavit by appellee did not justify the court in refusing the motion for a continuance. Section 44 of the Practice Act (Hurd's R. S. 1903, p. 1343) provides, that if the other party will admit the affidavit, the cause shall not be continued. The case of Hopkinson v. Jones, 28 App. 409, relied on by appellant, does not sustain his contention: it is said in this case that the personal presence of a witness is often as important as his testimony, and where the importance of such personal presence is clearly shown by the affidavit, the motion ought not to be overruled because the opposite party will admit the affidavit. Appellant's affidavit does not come within the rule laid down in the above case; no suggestion is made to the court of the importance of having the personal presence of Gibson at the trial, nor is it shown that

there was the remotest probability that such personal attendance could be procured if the continuance had been granted. The sole grounds set up in the affidavit why a continuance was wanted were to give appellant an opportunity to take his deposition. There was no error in denying the motion for continuance after the affidavit was admitted by appellee.

We are entirely satisfied that the judgment in this case does substantial justice, and that no error has intervened requiring a reversal; accordingly the judgment of the Circuit Court is affirmed.

*Affirmed.*